IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-03-JJF |
| JUDITH A. MARGASS, | : | |
| Defendant. | : | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon T. Hanson, Assistant United States Attorney for the District of Delaware, and the defendant, Judith A. Margass, by and through her attorney, Edson A. Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, Judith A. Margass, agrees to plead guilty to Counts One, Two, and Three of the Indictment against her. Count One charges the defendant with violating 42 U.S.C. § 408(a)(7)(B), fraud in connection with a Social Security Number. The maximum penalties for this count are five years imprisonment, a $250,000 fine, or both, restitution, three years supervised release, and a $100 special assessment. Count Two charges the defendant with violating 18 U.S.C. § 1028(a)(7), identity theft. The maximum penalties for this count are 15 years imprisonment, a $250,000 fine, or both, restitution, three years supervised release, and a $100 special assessment. Count Three charges the defendant with violating 18 U.S.C. § 1029(a)(2), fraud in connection with an access device. The maximum penalties for this charge are ten years imprisonment, a $250,000 fine or both, restitution, three years supervised release,

JAN 1 0 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to each of Counts One, Two, and Three of the Indictment beyond a reasonable doubt:

As to Count One of the Indictment, fraud in connection with a Social Security number:

> (1) From in or around April 2004 to in or around December 2004, in the State and District of Delaware, defendant Judith A. Margass falsely represented that a Social Security number was the Social Security number assigned to her by the Commissioner of Social Security, when, in fact, that number had been assigned to C.S. and the defendant knew it was not the Social Security number assigned to her;

> (2) The defendant falsely represented that C.S.'s Social Security number was the Social Security number assigned to her with the intent to deceive Delaware Health and Human Services ("DHSS"); and

> (3) The defendant falsely represented that C.S.'s Social Security number was the Social Security number assigned to her for the purpose of obtaining general assistance welfare benefits.

As to Count Two of the Indictment, identity theft:

> (1) From in or around April 2004 to in or around December 2004, in the State and District of Delaware, defendant Judith A. Margass knowingly used, without lawful authority, a means of identification of another person, specifically, the name, date of birth, and Social Security number of C.S.;

> (2) The defendant so acted with the intent to commit an unlawful activity constituting a felony violation of federal law, to wit, access device fraud in violation of 18 U.S.C. § 1029(a)(2); and

> (3) The defendant's use of C.S.'s means of identification was in or affected interstate commerce.

As to Count Three of the Indictment, fraud in connection with access devices:

> (1) Defendant Judith A. Margass effected transactions with one or more unauthorized access devices issued to another person, to wit, a Delaware Food First EBT card and a State of Delaware Medical Assistance Program card in the name of C.S.;

(2) The defendant effected the above transactions knowingly and with the intent to defraud; and

(3) The defendant effected the above transactions to receive property valued in excess of $1,000 during the period from in or around April 2004 to in or around December 2004.

3. The defendant knowingly, voluntarily, and intelligently admits that she is in fact guilty of the offenses described in paragraphs one and two.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of her attorney or the United States, the defendant will not be allowed to withdraw her guilty plea on that basis.

5. The parties hereby agree and stipulate that, for purposes of the Sentencing Guidelines, the total loss attributable to the defendant on Counts One, Two, and Three is more than $10,000 but less than $30,000.

6. The defendant agrees to pay the $300 special assessment at the time of sentencing. Should she fail to do so, the defendant agrees to voluntarily enter the United States

Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

7. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, the United States will not object to a two-level reduction under U.S.S.G. § 3E1.1(a) based on the defendant's conduct to date.

8. At the time of sentencing, the United States agrees to move to dismiss Count Four of the Indictment returned against the defendant on January 9, 2007.

9. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and

have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY<br>
United States Attorney

_____  
Judith A. Margass  
Defendant

BY: _____  
Shannon T. Hanson  
Assistant United States Attorney

_____  
Edson A. Bostic  
Attorney for Defendant

Dated: 1/10/08

AND NOW, this 10 day of January, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____  
HONORABLE JOSEPH J. FARNAN, JR.  
United States District Court Judge

5